MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
MATTHEW L. MCCARTHY (CABN 217871)
Assistant United States Attorneys

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: kevin.barry@usdoj.gov
         matthew.mccarthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No.13-515 CRB |
|     Plaintiff, ) | |
|   v. ) | [~~PROPOSED~~] ORDER GRANTING MOTION FOR DETENTION |
| RYAN ALAN BALLETTO, ) | |
|     Defendant. ) | |

On July 24, 2013, at 1:00 p.m., the parties appeared before the Court for a hearing on the government's motion for the detention of Defendant Ryan Alan Balletto pending trial. The Court has reviewed and considered the following materials: (1) the papers filed in this case, including the Complaint, the Affidavit of Special Agent Andrew Jensen in support of the Complaint, the government's Memorandum in Support of Motion for Detention; (2) the report prepared by Pretrial Services; and (3) arguments by counsel for the government and by counsel for the defendant made during the July 24, 2013 hearing. After careful deliberation, the Court

[~~PROPOSED~~] ORDER GRANTING MOTION FOR DETENTION
CR 13-mj-70778 NJV

1 makes the following determination:

2     Under the Bail Reform Act of 1984, 18 U.S.C. §§ 3141 *et seq.*, there is a presumption that a defendant should be detained pending trial in cases where there is probable cause to believe that the defendant committed a drug trafficking offense that features a maximum term of imprisonment of ten years or more.  Here, the defendant is charged with violations of 21 U.S.C. §§ 846 and 861, both of which carry maximum terms of imprisonment of life.  Accordingly, the Court finds that the presumption of detention applies in this case.  Furthermore, for the reasons set forth below, the Court finds that the defendant has not rebutted the presumption in favor of detention.

    Specifically, the Court finds that the government has shown by clear and convincing evidence that, should he be released, the defendant poses a danger to the community and to other persons, and that there exists no condition or reasonable combination of conditions that would sufficiently mitigate this danger.  In reaching this conclusion, the Court finds the following:

- In the course of the charged conspiracy, the defendant used a 15 year-old girl to manufacture marijuana.
- During the course of the charged conspiracy, the defendant sexually abused the 15 year-old girl.
- The defendant's sexual abuse of the 15 year-old girl included oral copulation and sodomy.
- Agents located a "rack" on the defendant's property that appears to have been designed to restrain a person.
- Forensic analysts found bloodstains beneath the "rack."
- Agents located wooden beams which included a metal and leather harness on the defendant's property.
- Agents located a 4' x 2' x 2' metal box on the defendant's property that had been modified to imprison a person.
- Inside the metal box, agents located human hair and a blanket.
- The defendant imprisoned the 15 year-old girl in the metal box on two

1           occasions for a total of three days.

2,3 • The defendant met the 15 year-old girl in Los Angeles, and transported her from Los Angeles to Lake County, California.

4,5 • Agents located restraints and devices for causing electric shocks on the defendant's property.

6,7 • The defendant possessed five firearms in his trailer, which was located on the property of the marijuana grow.

8,9 • Among the defendants' firearms were two AR-15 assault rifles and three pistols.

10,11 • The defendant also had hundreds of rounds of ammunition, loaded into high-capacity magazines.

12 • The defendant also possessed body armor.

13,14,15 • The nature and number of those weapons, in connection with the defendant's prior military service, indicate that the defendant was prepared for a significant gun battle.

16 Moreover, the government has shown by a preponderance of the evidence that the defendant poses a risk of flight and that there exists no reasonable combination of conditions that would sufficiently mitigate this danger.  In reaching this conclusion, the Court finds the following:

20,21,22 • The defendant is charged with offenses that, if he were convicted, would result in a sentence of a mandatory minimum term of 15 years imprisonment, up to life imprisonment.

23 • The defendant is a licensed pilot.

24 • The defendant owns an airplane.

25 • The defendant purchased that airplane for $180,000 in cash.

26,27 • The defendant did not disclose the ownership of this airplane to the Pretrial Services Officer during his interview.

28 • The defendant's access to significant cash reserves, as demonstrated by

his $180,000 cash payment, his pilot's license, and his ownership of an airplane all give the defendant the ability to flee prosecution.

Therefore, the government's motion for detention is hereby GRANTED, and the Court ORDERS that the defendant be remanded to the custody of the U.S. Marshals pending trial.

IT IS SO ORDERED.

Dated: August 6, 2013

HON. NANDOR J. VADAS
United States Magistrate Judge